## KRIEGER CLEANERS & DYERS CO. v BENNER

Ohio Appeals, 8th Dist, Cuyahoga Co.
No 11128. Decided Nov. 3, 1930

Baker, Hostetler & Sidlo, Cleveland, for Company.

Newcomb, Newcomb & Nord, Cleveland, for Benner.

**LEVINE, J.**

In order to reverse a judgment as manifestly against the weight of the evidence, it is requisite, under the mandatory provisions of the Ohio Constitution, that all three members of the Court of Appeals agree that it is manifestly against the weight of the evidence.

We have perused the record, as well as the briefs of counsel, and in our opinion there is evidence in the record supporting the theory of counsel for Ruth M. Benner that without notice to and in the absence of counsel for either side, and of the parties, the court upon being requested by the jury to give additional instructions, did so give additional instructions relative to the law of contributory negligence. Judge McMahon, who presided in the original case, appeared on the witness stand. He did not testify to the effect that no additional instructions were given without notice to and in the absence of counsel. He stated that he had no recollection of ever having given additional instructions. He stated further that his invariable custom was to notify counsel. Had judge McMahon entertained a definite recollection to the effect that no such additional instructions were given, we would, as a matter of public policy, feel inclined to base our judgment on the testimony of the trial judge in preference to the testimony of outsiders who testified to a different effect. We appreciate that to do otherwise would cause confusion and would be destructive to the ends of justice.

This statement is analagous to the reasoning which supports the rule that the certificate of the trial judge attached to a bill of exceptions setting forth that the same is a true copy of all the evidence and proceedings in a given case, cannot be contradicted or disputed by extraneous evidence. The trial judge, however, had no recollection on the subject.

The evidence submitted by counsel for Ruth M. Benner as it came from the mouth of witnesses who testified before the trial judge, in support of the petition for a new trial, indicated clearly that in the original case the trial judge upon request coming to him from the jury, after the case was submitted to them, gave additional instructions to them on the question of contributory negligence without notice to and in the absence of counsel for either side.

We are unable to reach the conclusion that a reversal would be justifiable on the ground that the judgment of the common pleas court was manifestly against the weight of the evidence.

As to the claim that due diligence was not exercised by Ruth M. Benner, or her counsel, in discovering the facts which she claims were prejudicial, it is urged that had such due diligence been exercised, she or her counsel could have discovered those facts prior to the expiration of the term during which the case was heard, and that had such due diligence been exercised, a motion for new trial could have been filed during the same term, setting forth the irregularities which are now contained in the petition for new trial.

A perusal of the record does not, in our opinion, support this claim of lack of diligence. There is reliable evidence in the record to the effect that the first information which was brought to the attention of counsel for Ruth M. Benner, concerning the alleged irregularities, was in October, 1928, which was after the term during which the original case was tried.

We agree with counsel for defendant in error that the attorneys have a right to assume that the proceedings were regular in every respect. There is always a presumption that the procedure in all courts is regular. If upon being informed that irregularities took place, counsel takes immediate action to bring the same to the attention of the court, the element of due diligence is fully satisfied.

As to the third assignment of error, it is ably argued by counsel for plaintiff in error that the action of the trial judge in giving additional instructions after the jury had retired to deliberate, is governed by **11452 GC.**

"After the jurors retire to deliberate if they disagree as to the testimony or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the inforation sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point."

The interpretation sought to be given to this section is that the court may give the

jury any information they seek upon matters of law, without notice to and in the absence of parties or their counsel; that only if the court desires to state its recollection of the testimony upon a disputed point, is it then necessary to give notice to the parties or their counsel unless counsel are present at the time.

Applying this interpretation of the statute to the instant case it is urged by counsel for plaintiff in error that at most the alleged irregularity consisted of the action of the trial judge giving instructions to the jury upon their request, without notice to and in the absence of counsel for either side; that under the provisions of the code the trial judge is permitted to give instructions to the jury after it retired to deliberate, upon questions of law, without notice and in the absence of counsel, and that therefore no error was committed by the court in having given such instructions.

We are referred to a number of decided cases which seem to indicate such interpretation of the Code.

In the proceedings in error which were prosecuted to this court from the order of the common pelas court dismissing the petition for a new trial of Ruth M. Benner, this court held as follows:

"A defeated party has a statutory right to file after term, a petition for a new trial on the ground of irregularities occurring during trial and newly discovered evidence which did not come to the knowledge of counsel until subsequent to the term at which trial was had, and it is the duty of the trial court to hear such petition and the supporting evidence and render the judgment thereon, which the facts require, subject to prosecution of error thereto."

"The mere fact that final judgment was entered by the trial court following the original hearing, and that an error proceedings was perfected and filed in the court of appeals, and even a hearing had thereon, and the judgment affirmed, affords no ground for a denial of this right nor could it be made the basis for the claim of res adjudicata at the subsequent hearing.

The granting of further instructions to a jury in response to a request from them so to do, made during their deliberations, constitutes reversible error, where such instruction is given in the absence of counsel, and without any effort made to secure their presence."

Ruth M. Benner vs Krieger Cleaners. & Dyers Inc., 30 O. L. R. 106.

We feel that we are bound to follow our own decisions unless the same are subsequently reversed by the Supreme Court. In said opinion we definitely stated that the petition for a new trial set forth a sufficient cause of action, and remanded the same for a new trial.

The question whether or not instructions given to the jury after it retired to deliberate, upon certain phases of the law applicable to the case, without notice and in the absence of counsel, was necessarily involved in the decision of reversal. This court could not have reversed the ruling of the trial court which dismissed the petition for new trial, unless it also held that giving such instructions upon questions of law, without notice to and in the absence of counsel, comes within the provisions of 11452 GC.

On authority of Gohman vs City of St. Bernard, 111 Oh St 726, we hold that the decision reversing the order of the common pleas court which dismissed Ruth M. Benner's petition for a new trial, constitutes the law of the case and we are therefore unable to adopt the interpretation of plaintiff in error of the language of said section.

There is no doubt that the decision of reversal inferentially amounted to a holding that the trial court is prohibited from giving any instructions to the jury after it retired to deliberate, upon any subject without notice to and in the absence of counsel. A similar holding by this court is found in the case of Sunshine vs Beckenbaugh, Vol. 6 Unrep. Opin. 484. In that case the jury was given further instructions in the absence of counsel for both sides, but in the presence of the court stenographer.

The syllabus in the case of Campbell vs Beckett, 8 Oh St 210, supports our view. It reads as follows:

"It is error for a judge, during a recess of his court, in the absence of the party and his counsel, and without notice to them, to give instructions to the jury to whom the case has been submitted."

The purpose sought to be accomplished by the provisions of 11452 GC seems to us quite clear. The presence of the parties and their counsel or an opportunity to be present, is deemed necessary in order that counsel may be apprised of the court's action and in order that counsel may enter objection and take proper exceptions when counsel deems the same necessary.

The same reason seems to be present no matter what the subject of the instructions by the Court may happen to be.

If the trial court were permitted to instruct the jury on questions of law without notice to and in the absence of counsel, the losing party is put at a great disadvantage in not being able to except to the action of the court no matter what the court did and no matter what the court had to say. It would, in our opinion, open the door to unlimited abuse of discretion on the part of the trial judges, if they were so inclined.

Considering the purpose sought to be accomplished by the legislative enactment in enacting the provisions of 11452 GC, it is our opinion that the limitation upon the power of the court which requires that instructions be given in the presence of or after notice to the parties or their counsel, applies to all instructions whether dealing with the court's recollection of the testimony upon a disputed point or information sought by the jury upon matters of law.

Holding as we do, the judgment of the court of common pleas is therefore affirmed.

Vickery, PJ, and Cline, J, concur.